946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard H. RHODES, Petitioner-Appellant,
v.
Gary L. HENMAN, Respondent-Appellee.
 No. 91-3089.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Richard H. Rhodes, proceeding pro se, appeals an order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner has also filed a motion for in forma pauperis status on appeal.
 
 
 2
 In the district court, petitioner alleged constitutional error in the conduct of prison disciplinary proceedings held at the United States Penitentiary, Leavenworth, Kansas, regarding an incident at the United States Penitentiary, Lewisburg, Pennsylvania. Petitioner alleged that (1) the disciplinary action was untimely, (2) the charges were retaliatory, (3) he was compelled to give statements against himself in violation of the fifth amendment of the United States Constitution, (4) there was insufficient evidence to support the finding of guilt, and (5) venue was improper. On appeal, petitioner further alleges that the district court erred in (1) not permitting him discovery and (2) denying his motion to strike portions of respondent Gary L. Henman's answer and return.
 
 
 3
 Upon review of the district court's order, petitioner's opening brief on appeal and the record on appeal, we find no reversible error and AFFIRM the judgment of the United States District Court for the District of Kansas for substantially the reasons stated by the district court in its order, a copy of which is attached. Petitioner's petition for in forma pauperis status on appeal is GRANTED.
 
 
 4
 The mandate shall issue forthwith.
 
 ATTACHMENT
 
 5
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
 
 
 6
 Richard H. Rhodes, Petitioner,
 
 
 7
 v.
 
 
 8
 Gary L. Henman, Respondent.
 
 Case No. 90-3396-R
 Feb. 28, 1991
 ORDER
 
 9
 This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate at the United States Penitentiary, Leavenworth, Kansas, ("Leavenworth") alleges constitutional error occurred in the conduct of administrative disciplinary proceedings against him at that institution. Petitioner specifically asserts the disciplinary action in question was untimely, the charges were retaliatory, he was improperly compelled to give statements against himself, there was insufficient evidence to support the finding against him, and that venue for the proceeding was improper at Leavenworth.
 
 
 10
 Petitioner seeks declaratory relief and expungement of the incident from his institutional record. The government has filed an answer and return in this matter, and petitioner has filed a traverse. Having reviewed the materials filed in this action, the court makes the following findings and order.
 
 Factual Background
 
 11
 Petitioner was incarcerated at the United States Penitentiary, Lewisburg, Pennsylvania, ("Lewisburg") from August 1987 to September 1989. During this period, petitioner was housed in that facility's Special Housing Unit ("SHU") with Melvin Ray, another inmate who had been linked to the murder of a third inmate.
 
 
 12
 Petitioner was transferred to Leavenworth in September 1989 but was returned to Lewisburg to appear at Ray's criminal trial on murder charges. Petitioner was housed in a single cell in the Lewisburg SHU throughout this stay. On December 20, 1989, a correction officer discovered several maps in petitioner's cell of the local federal courthouse and surrounding area. These items were confiscated and provided to the United States Marshals Service as possible evidence of a planned escape. The maps were returned to the Bureau of Prisons at the conclusion of Ray's trial, and Lewisburg officials then prepared an investigative packet and incident report charging petitioner with planning an escape or aiding another to plan an escape. Petitioner had been returned to Leavenworth after his testimony in the trial, and the incident report and other materials were therefore forwarded to Leavenworth upon their completion.
 
 
 13
 Petitioner received the incident report at Leavenworth on March 1, 1990, and a hearing was conducted before the Discipline Hearing Officer ("DHO") on March 14, 1990. Both petitioner and his staff representative gave statements at that hearing, and petitioner asserted his belief that the disciplinary charges were retaliatory. Petitioner also stated the maps were intended for the use of his family and not for an escape. After the hearing, petitioner was found guilty and ordered to forfeit all available good time and to serve 60 days in disciplinary segregation. Petitioner unsuccessfully pursued administrative appeals from this action and then commenced the instant action in habeas corpus.
 
 Discussion
 
 14
 Before examining petitioner's claims, the court finds it appropriate to review the due process requirements applicable to prison disciplinary proceedings and the standard of review for such proceedings. In Wolff v. McDonnell, 418 U.S. 539 (1974), the United States Supreme Court held that, at a minimum, a prisoner is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Wolff, 418 U.S. at 563-69.
 
 
 15
 The finding of a prison disciplinary body must be supported by some evidence in the record. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454-55 (1985). In enunciating this standard, the Court noted that in reviewing the findings of a prison disciplinary board, a court need not examine the complete record, assess the credibility of the witnesses, nor weigh the evidence. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.
 
 
 16
 The court has reviewed petitioner's claims in light of these standards, and concludes relief must be denied.
 
 1. Timeliness of charges
 
 17
 While an inmate suspected of violating a Bureau of Prisons regulation normally receives an incident report within 24 hours of the time the violation is discovered, federal regulations provide an extension where the inmate is subject to prosecution by another agency. Under such circumstances, no disciplinary action may be taken until the matter is released by that agency. 28 C.F.R. § 541.14(b)(1). Here, the evidence of an escape plan was provided to the United States Marshals Service and later returned to corrections officials. Petitioner was therefore not entitled to receive an incident report within 24 hours of the discovery of the maps, and his argument fails.
 
 2. Retaliatory Disciplinary Charges
 
 18
 The court also rejects petitioner's claim that the issuance of the incident report was retaliatory or an abuse of discretion. Correction officers have the responsibility to maintain internal security and order in penal institutions and are generally accorded broad discretion in the exercise of their duties. See, e.g., Smith v. Rose, 760 F.2d 102 (6th Cir.1985); Rogers v. Scurr, 676 F.2d 1211 (8th 1982); Soto v. Dickey, 744 F.2d 1260 (7th Cir.1984), cert. denied, 470 U.S. 1085 (1985). This responsibility permits officials to search inmates' living areas and other areas of facilities for contraband. United States v. Ready, 574 F.2d 1009 (10th Cir.1978). Where such items are discovered, officials may take appropriate action, such as confiscation of the materials and referral for possible disciplinary action. 28 C.F.R. § 553.13.
 
 
 19
 Petitioner does not challenge the actions of Lewisburg officials in seizing the maps but asserts broadly that the incident report was prepared in retaliation for his refusal to testify against Ray at his trial on murder charges. Clearly, prison disciplinary action may not be retaliatory. 28 C.F.R. § 541.10(b)(4). See also, Gibbs v. King, 779 F.2d 1040 (5th Cir.1986) (discussing proscription of retaliation). In this matter, however, the court finds no reliable evidence of improper retaliatory action. The maps found in petitioner's cell reasonably support the belief that petitioner was planning an escape, and the referral of such materials to officials for disciplinary proceedings is an appropriate exercise of authority. Under these circumstances, petitioner's bald claim that the action was retaliatory is unpersuasive.
 
 
 20
 Petitioner also alleges the officer who prepared the materials for forwarding to Leavenworth should not have handled any portion of the investigation because he serves as DHO at Lewisburg and not as investigative staff. This claim of abuse of discretion requires little discussion. Federal regulation requires merely that the reporting officer may not serve as the hearing officer in subsequent disciplinary action on the incident. 28 C.F.R. § 541.16(b). The Lewisburg officer obviously did not serve as the hearing officer at Leavenworth.
 
 
 21
 Petitioner's claim that the Lewisburg DHO should not have written the incident report since he did not personally discover the maps likewise fails. Any corrections officer who has a reasonable belief a violation of institution regulations has occurred may write an incident report. 28 C.F.R. § 541.14.
 
 3. Fifth Amendment Privilege
 
 22
 Petitioner asserts statements made during the internal investigation where no Miranda warnings were given should not have been used during the institutional disciplinary proceedings. This contention, however, lacks merit. The requirements of Miranda, which deals with what warnings must be given to one in custody, have not been extended to prison disciplinary proceedings. Such proceedings are civil, not criminal, and accordingly do not implicate the privilege against self-incrimination. See Tinch v. Henderson, 430 F.Supp. 964, 968-69.
 
 4. Sufficiency of the Evidence
 
 23
 Petitioner's assertion that there was insufficient evidence to support the decision of the DHO also fails. The materials before the hearing officer included the maps seized from petitioner's cell. These maps show the location of the United States Marshal's Office, where the Marshals would be seated during court proceedings, and the elevators used for transporting inmate witnesses. This information reasonably supports the DHO's conclusion the maps were used in planning an escape, and accordingly this court may not disturb the DHO's finding. Hill, supra.
 
 5. Venue for Disciplinary Proceedings
 
 24
 The court also rejects petitioner's argument that prison disciplinary hearings must be conducted at the facility where the underlying incident occurs. First, the federal regulations governing prison disciplinary proceedings do not require that proceedings be conducted where the alleged infraction occurred. Further, there is no evidence that petitioner was in any way prejudiced by having the disciplinary hearing at Leavenworth. Petitioner did not request any witness from Lewisburg, the documentary evidence considered by the DHO could be adequately presented at Leavenworth, and the circumstances of the incident were uncomplicated. Under these circumstances, the court finds no error in holding the proceedings outside the institution where the incident occurred.
 
 
 25
 Finally, petitioner's argument that conducting the administrative disciplinary hearing at Leavenworth violated his rights under Article III of the Constitution and the Sixth Amendment is not well-taken; these provisions pertain to the rights of a criminal defendant.
 
 
 26
 In short, the court can find no support for petitioner's claim that the disciplinary proceedings conducted at Leavenworth were constitutionally inadequate.
 
 
 27
 IT IS THEREFORE ORDERED the petition for writ of habeas corpus is dismissed and all relief denied.
 
 
 28
 The clerk of the court is directed to transmit copies of this order to petitioner and to the United States Attorney for the District of Kansas.
 
 
 
 *
 After examining the petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3