F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 1999**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARREN JAY DENNISON,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

No. 98-3352

(D.C. No. 98-CV-3351)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.


After examining Petitioner-Appellant Darren Jay Dennison's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before us is Petitioner's motion to proceed *in forma pauperis* on appeal along with his appeal of the district court's denial of his application for a writ of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas corpus pursuant to 28 U.S.C. § 2241.[1]  To proceed *in forma pauperis* on appeal from the denial of a section 2241 petition, Petitioner must show "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997).

In his petition for a writ of habeas corpus, Petitioner, who is currently confined in the United States Penitentiary in Terre Haute, Indiana, complained of certain disciplinary actions taken against him while he was incarcerated in the United States Penitentiary in Leavenworth, Kansas.[2]  Specifically, Petitioner

[1]In addition to his application and an opening brief, Petitioner also has filed a pleading entitled "Motion," which we construe as a motion for leave to file an appendix.  Because the Government has not filed any objection to this motion, we now grant the motion.

[2]Although Petitioner also raised claims alleging that he required protective custody at the Terre Haute facility, the district court properly dismissed this claim because it does not have jurisdiction over the officers or staff of the Terre Haute facility.  As the district court indicated, if Petitioner wishes to seek judicial intervention regarding his entitlement to protective custody in Terre Haute, he should file a Bivens complaint in the appropriate federal district court in Indiana. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 395-97 (1971).

The district court also properly dismissed Petitioner's claims regarding his placement in administrative segregation at Leavenworth in December 1996. While "a § 2241 attack on the execution of a sentence may challenge some matters that occur at prison," McIntosh, 115 F.3d at 811, Petitioner has not alleged or shown the deprivation of any constitutional or federal statutory right in connection with this claim.  Thus, habeas relief is unavailable on this claim.  See

-2-

alleged that he received a sanction of fifteen days of disciplinary segregation and a disciplinary transfer for possession of a contraband walkman radio. Although Petitioner admitted to the charged offense, he claimed that his procedural due process rights were violated because he was coerced into making a statement without being advised of his Miranda rights, he was denied assistance of counsel, he did not waive the presence of a staff representative, and he was unsuccessful in filing a disciplinary appeal. In dismissing the petition, the district court noted that before prison authorities may deprive a prisoner of a protected liberty interest, the prisoner is entitled to due process. At a minimum, the prisoner is entitled to (1) advance notice of the charges at least twenty-four hours before the disciplinary hearing; (2) present evidence and witnesses in his defense; and (3) receive a written statement describing the evidence relied upon and the reasons for the discipline imposed. See R., Doc. 11 at 2 (citing Wolff v. McDonnell, 418 U.S. 539, 563-69 (1974)). The district court concluded that because Petitioner's punishment for his violation of prison rules did not "'impose[] atypical and significant hardship [on him] in relation to the ordinary incidents of prison life,'" id. at 3 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)), it did not "give rise to a due process claim." Id. The court went on to explain that even if Petitioner's punishment had implicated a protected liberty interest, his "admission

28 U.S.C. § 2241(c)(3).

-3-

of the charged misconduct clearly is sufficient to support the disciplinary action" and "there is [no] allegation that [P]etitioner was denied the rights enumerated in Wolff." Id. at 3-4.

On appeal, Petitioner repeats much of what he alleged in his section 2241 petition. He also claims that the district court erred in: (1) failing to focus on the "criminal element" of the prison officials' actions in this case, as opposed to merely focusing on the procedural deprivations he alleged; (2) finding that no Miranda violation occurred; (3) concluding that the disciplinary measures did not impose atypical and significant hardship; (4) determining that the Bureau of Prisons' staff did not interfere in his administrative appeal; (5) failing to find that the Bureau of Prisons is acting arbitrarily and capriciously against Petitioner; and (6) failing to find that Petitioner was deprived of any of the due process protections enumerated in Wolff.

We review the district court's dismissal of a section 2241 petition de novo. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Further, because plaintiff proceeds pro se, we construe his pleadings liberally. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996). Having reviewed Petitioner's arguments, the district court's order of dismissal, and the entire record on appeal, we conclude that Petitioner's claims are meritless. First, there is no credible record support for the claim that any of the prison officials involved in this case

-4-

engaged in any criminal activity with respect to the disciplinary measures imposed against Petitioner, so there is no "criminal element" to investigate. Second, while prisoners are entitled to certain procedural safeguards in the context of disciplinary proceedings, see Wolff, 418 U.S. at 563-69, they are not entitled to Miranda warnings in connection with such proceedings. See Rhodes v. Henman, 946 F.2d 901, 1991 WL 216808, at **3 (10th Cir. 1991) (Table) (citing Tinch v. Henderson, 430 F. Supp. 964, 968-69 (M.D. Tenn. 1977)). Third, the disciplinary transfer and the fifteen-day disciplinary segregation imposed by the Bureau of Prisons did not amount to "atypical and significant hardship" under Sandin because they did not "work a major disruption in [Petitioner's] environment" nor did they "inevitably affect the duration of his sentence." Sandin, 515 U.S. at 486-87. Thus, because Petitioner was not deprived of a protected liberty interest, he was not entitled to the due process protections set forth in Wolff. See id. at 487. Fourth, there is no indication in the documentary evidence in the record that any Bureau of Prisons personnel interfered with or otherwise impeded Petitioner's administrative appeal. Fifth, the record does not support Petitioner's allegation that the Bureau of Prisons treated him arbitrarily and capriciously. Finally, even though we conclude that Petitioner did not have a due process claim entitling him to the Wolff protections, he has not set forth any facts indicating that he was deprived of the safeguards in any event. Petitioner has not alleged that he was

deprived of notice regarding the charges against him, that he was deprived of the opportunity to present witnesses and evidence in his defense, or that the Bureau of Prisons failed to give him a written statement regarding the evidence supporting and the reasons for the disciplinary action.

Because Petitioner has not shown the existence of a reasoned, nonfrivolous argument in support of the issues raised on appeal, we deny his motion to proceed on appeal *in forma pauperis* and dismiss his appeal.

**DENIED** and **DISMISSED**.

Entered for the Court


Monroe G. McKay
Circuit Judge