**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALFRED ROBERT SMITH,

      Petitioner - Appellant,

v.

RAY E. HOLT, Warden USP
Florence Colorado High-Security,

      Respondent - Appellee.

No. 98-1308
(D.C. No. 98-D-1123)
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

Pro se petitioner Alfred Robert Smith appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We affirm.

Smith, who is in the custody of the United States Bureau of Prisons at the United States Penitentiary at Florence, Colorado, filed this action in the United

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

States District Court for the District of Colorado. Smith asserts that the government lacked "territorial jurisdiction" to prosecute or indict him. He contends that the United States Constitution provides that states have "exclusive jurisdiction" over crimes committed within their respective borders. Finally, he asserts that non-judicial state employees conspired with the federal judiciary to charge him with federal crimes and violated "territorial jurisdiction" by indicting him on those charges.

These claims are clearly an attack on the validity of his sentence, and thus cannot be brought under § 2241. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (quoting Johnson v. Taylor, 347 F.2d 305, 366 (10th Cir. 1965)). 28 U.S.C. § 2255 provides that a prisoner in federal custody may attack the validity or duration of his or her sentence through a motion to the court that imposed the sentence. In contrast, "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." Bradshaw, 86 F.3d at 166.

We reject Smith's assertion that he should be allowed to proceed under § 2241 because § 2255 is "inadequate or ineffective" in this case. The United States District Court for the District of Oregon and the Ninth Circuit have denied

- 2 -

Smith's motion to dismiss a defective indictment, which those courts treated as a petition pursuant to 28 U.S.C. § 2255. Contrary to Smith's assertion, the Ninth Circuit addressed his "territorial jurisdiction" argument, concluding that it does not raise a substantial showing of the denial of a constitutional right. See United States v. Smith, No. 97-30015 (9th Cir. Aug. 25, 1997). The substantive denial of his § 2255 claim does not mean Smith lacks an adequate or effective remedy under § 2255. Nor does the fact that Smith may be barred from asserting his claims in a successive petition under § 2255. See e.g., Bradshaw, 86 F.3d at 166 ("Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective.") (citation and internal quotation marks omitted). We agree that the district court properly denied Smith's § 2241 petition and dismissed his action.

Finally, because we find that Smith has demonstrated an inability to pay, and his argument on appeal is nonfrivolous, we grant his motion to proceed in forma pauperis. See McIntosh v. United States Parole Commission, 115 F.3d 809, 812-13 (10th Cir. 1997).

**AFFIRMED.** The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge
