**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

ARTHUR MORRISON,

    Petitioner-Appellant,

v.

MICHAEL PUGH,

    Respondent-Appellee.

No. 98-1455
(D. Colo.)
(D.Ct. No. 98-D-2356)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.


Appellant Arthur Morrison, a prisoner appearing _pro se_, appeals the district

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C.

§ 2241. We affirm.

Mr. Morrison previously filed two petitions for a writ of habeas corpus under § 2241, which we denied. *See Morrison v. Guzik*, Nos. 97-6351 and 97-6416, 1998 WL 380539 (10th Cir. Jun. 30, 1998) (unpublished); *Morrison v. Pugh*, No. 98-1278, 1998 WL 704670 (10th Cir. Oct. 2, 1998) (unpublished). In the latter proceeding, Mr. Morrison claimed the District Court for the Southern District of New York lacked jurisdiction to convict and sentence him. *Morrison v. Pugh,* 1998 WL 704670 at *1. We affirmed the district court's determination that Mr. Morrison's petition attacked the validity of his conviction and sentence and, therefore, could not be brought under § 2241. *Id.*

In the proceeding now before us, Mr. Morrison makes the same argument but contends the jurisdictional issue was somehow not properly presented in the prior action. He attempts to spin the same argument, claiming federal authorities improperly kidnaped him from the State of New Jersey and tried him in New York, where the court lacked the appropriate jurisdiction. He concludes by arguing the district court erred in dismissing his petition without an evidentiary hearing, and requesting the transfer of his case to a federal district court in New

Jersey.

We review the district court's dismissal of Mr. Morrison's habeas corpus petition *de novo*. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). In Mr. Morrison's previous case, we explained the purpose of § 2241 and advised that attacks on the legality of a conviction and sentence must be brought under § 2255. *Morrison v. Pugh*, 1998 WL 704670 at *1("'[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined.... The exclusive remedy for testing the validity of a judgment and sentence ... is that provided for in 28 U.S.C. § 2255.'" (Quoting *Bradshaw*, 86 F.3d at 166.)) We have reviewed the record and conclude, for substantially the same reasons as before, the district court did not err in dismissing the petition without prejudice for lack of jurisdiction, or in failing to hold an evidentiary hearing. As the district court noted, 28 U.S.C. § 2255 provides an adequate and effective remedy for Mr. Morrison to test the validity of his criminal conviction and sentence in the district court in New York.

Mr. Morrison also renews his motion to proceed *in forma pauperis*. As we previously instructed, to succeed on such a motion Mr. Morrison "'must show a financial inability to pay the required filing fees and the existence of a reasoned,

nonfrivolous argument on the law and facts in support of the issues raised on appeal.'" *Morrison* at *2 (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). We twice before rejected Mr. Morrison's § 2241 petitions attacking his conviction and sentence. We find Mr. Morrision fails to present a reasoned, nonfrivolous argument on the law or merits for bringing the present petition on the same issue, and therefore, we deny his motion to proceed *in forma pauperis*.

**AFFIRMED**. The mandate shall issue forthwith.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge