PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 6/10/96**                         TENTH CIRCUIT

WAYMAN BERNARD BRADSHAW,

Petitioner - Appellant,

v.                                                    No. 96-1006

BILL R. STORY, Warden, ADX,
Florence, Colorado,

Respondent-Appellee.

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 95-Z-1237)

Submitted on the briefs:*

Wayman Bernard Bradshaw, pro se.

Henry L. Solano, United States Attorney, and Charlotte J. Mapes, Assistant United States
Attorney, of Denver, for the respondent-appellee.

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

BRISCOE, Circuit Judge.

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered
submitted without oral argument.

Wayman Bernard Bradshaw appeals the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2241. We affirm.

Bradshaw is a prisoner in the United States Penitentiary, Administrative Maximum, Florence, Colorado. He is serving a sentence imposed by the United States District Court for the Middle District of Florida. He brought this action under § 2241 in the United States District Court for the District of Colorado, arguing the court used unconstitutional Florida convictions to enhance his federal sentence. The matter was referred to a magistrate judge, who recommended dismissal. Bradshaw objected to the magistrate judge's recommendation. The district court accepted the recommendation, concluding Bradshaw could not bring this action pursuant to § 2241 because he had not demonstrated that 28 U.S.C. § 2255 is inadequate to test the legality of his detention. The court dismissed his action without prejudice to allow him to proceed under § 2255 in the Middle District of Florida.

Before reaching the merits of this appeal, we must first address the applicability of the recently enacted Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. Section 102 of Title I of the Act altered the procedure for taking an appeal in a habeas corpus proceeding. More specifically, as amended by § 102, 28 U.S.C. § 2253 provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Bradshaw filed his notice of appeal and the district court granted him leave to proceed on appeal in forma pauperis before the President signed the Act on April 24, 1996. "A statute is effective upon the date of its enactment unless an express provision states otherwise." United States v. King, 948 F.2d 1227, 1228 (11th Cir. 1991), cert. denied 503 U.S. 966 (1992). Accord United States v. Bafia, 949 F.2d 1465, 1480 (7th Cir. 1991), cert. denied 504 U.S. 928 (1992). Cf. United States v. Affleck, 765 F.2d 944, 948 (10th Cir. 1985). The only effective date provision specified within Title I appears in § 107(c) under the special death penalty procedures, which states the chapter containing the special procedures "shall apply to cases pending on or after the date of enactment of this Act." Bradshaw's is not a death penalty case; thus, the death penalty procedures do not apply. Nevertheless, even if § 102 applies to pending cases, we conclude no certificate of appealability is required here because the instant appeal is from a final order denying a § 2241 petition, which is neither a "final order in a habeas corpus proceeding in

which the detention complained of arises out of process issued by a State court" nor a "final order in a proceeding under section 2255."

Bradshaw argues he should be allowed to proceed under § 2241 because § 2255 is inadequate, as evidenced by the sentencing court's denial of his previous § 2255 petitions, from which he did not appeal and which he seems to contend demonstrates bias, and the likelihood that he "faces an abuse of the Writ Doctrine under rule 9(c) governing 2255 petition[s]." Appellant's br. at 2.

We review the district court's denial of Bradshaw's habeas corpus petition de novo. Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir.), cert. denied 115 S. Ct. 313 (1994).

A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986). It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255. Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), cert. denied 377 U.S. 980 (1964).

A 28 U.S.C. § 2255 petition attacks the legality of detention, Barkan v. United States, 341 F.2d 95, 96 (10th Cir.), cert. denied 381 U.S. 940 (1965), and must be filed in the district that imposed the sentence, United States v. Condit, 621 F.2d 1096, 1097 (10th Cir. 1980). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." Johnson v. Taylor, 347 F.2d 365, 366

4

(10th Cir. 1965).

"The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Id. More specifically, § 2255 prohibits a district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. "Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." Williams, 323 F.2d at 673 (10th Cir. 1963) (quoting Overman v. United States, 322 F.2d 649 (10th Cir. 1963)).

Bradshaw attempts to attack the validity of his Florida federal sentence under § 2241; he opposes his sentence and not the execution of his sentence. Cf. United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) (petitioner's appropriate remedy is under § 2255 and not § 2241 where alleged errors occurred at or prior to sentencing). He relies primarily on the sentencing court's denial of his prior § 2255 motions to show § 2255 is an inadequate remedy. His reliance is misplaced. The sentencing court's denial of his prior § 2255 motions does not alone establish bias and, even if Bradshaw's § 2241 petition did establish bias, § 2255 still would be adequate because he could move to recuse the sentencing judge. See 28 U.S.C. §§ 144, 455; Tripati v. Henman, 843 F.2d

5

1160, 1163 (9th Cir.) (motion to recuse makes § 2255 an effective remedy even if allegations of bias are true), cert. denied 488 U.S. 982 (1988).

In short, Bradshaw provides insufficient evidence that relief is unavailable to him under a properly filed § 2255 motion. Therefore, we conclude the district court did not err in denying Bradshaw's § 2241 petition and in dismissing his action without prejudice.

AFFIRMED.