**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES JACKSON,

  Petitioner-Appellant,

v.

WARDEN, ADMINISTRATIVE
MAXIMUM, Florence, Colorado,

  Respondent-Appellee.

No. 96-1222
(D.C. No. 95-S-2667)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

  [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant James Jackson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994) in the United States District Court for the Southern District of Illinois.[1]  The district court determined Mr. Jackson's action was without merit and dismissed the petition.  Mr. Jackson appeals the district court's determination, and we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 1990, Mr. Jackson was convicted of conspiracy to manufacture a controlled substance in violation of 21 U.S.C. § 846 (1994).  The United States District Court for the Central District of California sentenced Mr. Jackson to a twelve-year term of imprisonment.

Mr. Jackson was incarcerated at the United States Penitentiary in Terre Haute, Indiana, from September 21, 1993 until January 21, 1994.  On January 19, 1994, a riot broke out in the inmate dining hall at Terre Haute Penitentiary.  Several inmates and prison employees were assaulted and injured.

Prison employee Gary Wills reported he observed Mr. Jackson holding a knife and shouting at prison staff during the riot.  Although Mr. Jackson denied any involvement in the disturbance, the Bureau of Prisons filed an incident report

---

[1]  The case was subsequently transfered to the District of Colorado.

charging Mr. Jackson with possession of a weapon. Mr. Jackson was placed in administrative detention and the incident was referred to a Special Investigative Service for investigation.

The Special Investigative Service determined Mr. Jackson's role in the prison riot was larger than prison officials originally had thought. Hence, the Bureau of Prisons filed a second incident report charging Mr. Jackson with assault. Mr. Jackson received a Notice of Disciplinary Hearing for both incident reports informing him of his rights with respect to the disciplinary process. Mr. Jackson also received a staff representative to assist in preparing a defense to the charges against him.

In April 1994, the Disciplinary Hearing Officer held hearings on the assault and possession of a weapon charges. Based on the evidence submitted at the hearing, the Disciplinary Hearing Officer determined Mr. Jackson possessed a weapon and "aid[ed] and assist[ed] in the serious assault on four staff members and four inmates." The Disciplinary Hearing Officer imposed the following sanctions on Mr. Jackson: (1) forfeiture of 263 days of statutory good time credit and (2) sixty days disciplinary segregation.

In September 1994, Mr. Jackson filed his motion for a writ of habeas corpus, alleging the Bureau of Prisons violated his due process rights during the disciplinary hearing. Mr. Jackson accused Bureau of Prison staff of fabricating

evidence and withholding exculpatory evidence. Notwithstanding Mr. Jackson's

accusations, the United States Magistrate Judge determined Mr. Jackson was

afforded the minimum requirements of due process at the disciplinary hearing.

Accordingly, the Magistrate Judge recommended that the district court dismiss

Mr. Jackson's petition. The district court agreed with the Magistrate Judge's

recommendation and dismissed Mr. Jackson's motion for a writ of habeas corpus.

## II. ANALYSIS

Mr. Jackson appeals the district court's denial of his petition for a writ of

habeas corpus.[2] Mr. Jackson contends the district court erred by failing to

determine the prison disciplinary hearing violated his rights to due process under

the Fifth and Fourteenth Amendments.[3] Specifically, Mr. Jackson asserts he

---

[2] Because Mr. Jackson brought this action pursuant to 28 U.S.C. § 2241, we need not determine whether a certificate of appealability should issue pursuant to 28 U.S.C. § 2253. *See Bradshaw v. Story*, 86 F.3d 164 (10th Cir. 1996) (no certificate of appealability required where appellant is federal prisoner and appeal is from final order denying § 2241 petition).

[3] In his opening brief, Mr. Jackson appears to argue the Bureau of Prisons also violated his rights under 28 C.F.R. § 0.95(c), (d) (1996). 28 C.F.R. § 0.95(c) requires the Director of the Bureau of Prisons to provide for the "protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 28 C.F.R. § 0.95(d) makes the Director of the Bureau of Prisons responsible for the "[c]lassification, commitment, control, or treatment of persons committed to the custody of the Attorney General." Assuming 28 C.F.R. § 0.95 creates a private cause of action for federal inmates (a premise we strongly doubt), we conclude Mr. Jackson has not shown that the Bureau of

sustained the following due process violation at the disciplinary hearing: (1) he was denied adequate staff representation, (2) the disciplinary hearing officer fabricated statements in his findings, and (3) exculpatory evidence was withheld from Mr. Jackson. We review the district court's denial of Mr. Jackson's habeas corpus petition de novo. *Bradshaw*, 86 F.3d at 166.

It is true that federal inmates have a liberty interest in earned statutory good time credits. *Ponte v. Real*, 471 U.S. 491, 495 (1985). Such credits may not be forfeited without due process of law. *Id.* However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has held the minimum due process requirements for prisoners in the context of a disciplinary hearing are: (1) written

---

Prisons violated this regulation.

Mr. Jackson also asserts a "personal retaliation claim" and an Eighth Amendment claim in his opening brief. Having thoroughly reviewed these claims, we find them to be utterly without merit.

Finally, Mr. Jackson claims the district court improperly denied his petition without allowing him the opportunity to obtain certain discovery from the appellee. The availability of discovery during a habeas corpus proceeding is committed to the sound discretion of the district court. *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993). Here, to the extent the district court denied Mr. Jackson the opportunity to obtain any discovery from the appellee, we do not believe the court abused its discretion.

notice of the charges brought against the inmate at least twenty-four hours before the hearing; (2) the opportunity to call witnesses and present evidence at the hearing; and (3) a written statement by the fact finder as to the evidence relied upon and the reason for any action taken. *Id.* at 564-66. Here, as determined by the district court, the Bureau of Prisons afforded Mr. Jackson the minimum requirements of due process at this disciplinary hearing. Thus, Mr. Jackson cannot establish a violation of his due process rights.

## III. CONCLUSION

For the reasons stated above, as well as the reasons set forth in the district court's March 11, 1996 order, we conclude Mr. Jackson's appeal is without merit and should be dismissed.

**DISMISSED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge