**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 12 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MICHAEL KIRK LEGGETT,

      Petitioner-Appellant,

v.

JOHN M. HURLEY,

      Respondent-Appellee.

Case No. 97-1457
(D.C. No. 97-D-1848)
(District of Colorado)

ORDER AND JUDGMENT[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Michael Kirk Leggett appeals the district court's order dismissing his 28 U.S.C. § 2241 Application for a Writ of Habeas Corpus. The district court determined that Mr. Leggett was attacking the legality of his detention, rather

---

    [*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

than the execution of his sentence, and, therefore, that his petition should have been filed under 28 U.S.C. § 2255 in the district that imposed his sentence, the Northern District of Ohio.  See Rec. vol. I, doc. 7, at 3-5 (Dist. Ct.'s Order filed Dec. 8, 1997).  The district court also noted that Mr. Leggett has already filed three unsuccessful § 2255 petitions in that court, the last of which was dismissed summarily.  See id. at 3.

On appeal, Mr. Leggett urges the same issues he did before the trial court: (1) that he was denied his Sixth Amendment right to counsel and thus was unconstitutionally convicted of bank robbery, assault on a federal officer, and violation of supervised release and (2) that, because his sentence was invalid on the above listed charges and he has already served thirty-six months, the length of his sentence for assaulting a correctional employee, he must be released.

We review the district court's denial of Mr. Leggett's habeas corpus petition de novo.  See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  We agree with the district court that the alleged denial of counsel Mr. Leggett complains of attacks the legality of his detention rather than the execution of his sentence.  In Bradshaw, this Court held that a § 2255 petition filed with the sentencing court is the proper method for a prisoner to attack the legality of his detention.  See Bradshaw, 164 F.3d at 166.

> A petition under 28 U.S.C. § 2241 attacks the execution of a
> sentence rather than its validity and must be filed in the district

where the prisoner is confined.  It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255.

A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence. . . .

The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.  More specifically, § 2255 prohibits a district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Id. (internal quotation marks omitted) (citations omitted).  Mr. Leggett has applied for and been denied relief under 28 U.S.C. § 2255 by the court which sentenced him, and he does not allege that the § 2255 motion was "inadequate or ineffective" to challenge his conviction.  Mere "[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective."  Id.

Mr. Leggett attempts unsuccessfully to distinguish Bradshaw in his brief to this Court:

In Bradshaw . . . the petitioner's claim was that unconstitutional state convictions were used to enhance his federal sentence. . . .  Bradshaw . . . is not on point with the petitioner's case.  The district court should have held and [sic] evidentiary hear [sic] on the petitioner's claim of denial of Sixth Amendment right to counsel.

Aplt's Opening Br. at Memorandum 2.  Mr. Leggett is right that his petition relies on the Sixth Amendment right to counsel while the petitioner in Bradshaw relied

on the use of allegedly unconstitutional convictions to enhance his sentence, but he presents us with a factual distinction that is not legally significant. Bradshaw's mandate is clear: To attack the validity of his sentence, as Mr. Leggett wishes to do, he must file a § 2255 petition with the court that sentenced him.

In sum, as to his first claim, Mr. Leggett's proper method for challenging his bank robbery and related convictions is a § 2255 petition filed with the court that sentenced him, an effort which has proved unsuccessful on three previous occasions. As to his second claim, it is only viable if he is successful in his first claim, which, as we have explained, is not properly before us. Therefore, the district court was correct in dismissing Mr. Leggett's § 2241 petition, and its order is affirmed. The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge