**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GILBERT DOWDY,

      Petitioner-Appellant,

v.

J.W. BOOKER,

      Respondent-Appellee.

No. 97-1448
(D.C. No. 97-D-1800)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Gilbert Dowdy appeals the dismissal of his application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Colorado. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1990, Dowdy was convicted in the United States District Court for the Western District of Missouri of conspiracy, money laundering, and structuring currency transactions. He was sentenced to life imprisonment for conspiracy, ten years' imprisonment for currency violations, and twenty years' imprisonment for money laundering, with all sentences to run concurrently. His direct appeal was affirmed in United States v. Turner, 975 F.2d 490 (8th Cir. 1992). In his § 2241 habeas petition, Dowdy claims he is illegally incarcerated because the government was without jurisdiction to prosecute him and there was insufficient evidence to support his conviction. The district court concluded the matter should be filed pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of Missouri and dismissed the action without prejudice.

A § 2241 habeas action "attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). A § 2255 habeas action "attacks the legality of detention . . . and must be filed in the district that imposed the sentence. Id. The purpose of § 2255 is to provide a method for determining the validity of a judgment by the court that imposed the sentence rather than by the court where the prisoner is confined. Id. The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is provided in 28 U.S.C. § 2255. Id. Section 2255 prohibits a court from

entertaining a § 2255 motion "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. Id.

Dowdy challenges the jurisdiction of the sentencing court and the sufficiency of the evidence. These issues concern the validity of his conviction and sentence and should be asserted in a § 2255 action. Section 2255 provides a prisoner may move the court that imposed his sentence to vacate, set aside, or correct a sentence if "the [sentencing] court was without jurisdiction to impose such sentence." Dowdy asserts a previous § 2255 motion was denied by the United States District Court for the Western District of Missouri; however, "[f]ailure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." Id.

The district court dismissal of Dowdy's § 2241 action is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-3-