**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARTHUR MORRISON

Petitioner-Appellant,

v.

BOB GUZIK, UNITED STATES
MARSHALS SERVICE,

Respondents-Appellees.

Nos. 97-6351 & 97-6416
(D.C. No. CIV-97-1411-A)
(Western District of Oklahoma)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

In case number 97-6351, Arthur Morrison appeals the district court's

denial of his habeas corpus petition. In case number 97-6416, Mr. Morrison

appeals the district court's order striking his "Addendum to Petition for Writ of

Habeas Corpus." Because we hold that we lack jurisdiction over Mr. Morrison's

---

* After examining the briefs and appellate record, this panel has
determined unanimously to grant Arthur Morrison's request for a decision on the
briefs without oral argument. This case is therefore submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas petition, we need not determine whether the district court erred when it struck his addendum.

In March 1997, the United States District Court for the Southern District of New York sentenced Mr. Morrison to a term of 25 years imprisonment and three years supervised release after a jury found that he had made threatening interstate communications and committed wire fraud in violation of 18 U.S.C. §§ 875(c), 875(d), and 1343. Mr. Morrison appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit, and that appeal is apparently still pending.

Following his sentencing, Mr. Morrison was temporarily held at the Federal Transfer Center in Oklahoma City, Oklahoma. While Mr. Morrison was being held at the Federal Transfer Center, he filed a habeas corpus petition with the United States District Court for the Western District of Oklahoma. In this petition, which requested relief under 28 U.S.C. § 2241, Mr. Morrison alleged that: (1) the sentence he received exceeds the statutory maximum, and he has already served more time than the maximum sentence allowed by law; (2) the district court erred in departing upward from the sentencing guidelines; (3) he was denied the effective assistance of counsel when the district court improperly allowed him to represent himself at a competency hearing; (4) the trial judge should have recused herself from the case; and (5) the government failed to

establish the interstate nexus required to support his convictions. Soon after he filed his petition, Mr. Morrison was transferred to a federal penitentiary in Terre Haute, Indiana.

The district court referred Mr. Morrison's petition to a magistrate judge, who, in his report and recommendation, concluded that Mr. Morrison should have filed his petition under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241 and recommended that the district court dismiss the petition without prejudice. The district court subsequently held that the petition should be dismissed without prejudice. The district court, however, based its decision on a slightly different ground: It ruled that it lacked jurisdiction because even if § 2241 constituted the proper basis for Mr. Morrison's petition, a federal district court in Oklahoma lacked jurisdiction over the warden of a prison in Indiana (Mr. Morrison's current site of detention) and, thus, could not order Mr. Morrison's release even if it determined that his claims were meritorious.

After Mr. Morrison filed his notice of appeal, he attempted to file a document entitled "Plaintiff's Addendum to Petition for Writ of Habeas Corpus" with the district court. The district court struck this document from the record on the ground that Mr. Morrison had failed to attach a certificate of mailing to the named defendants or their counsel. The district court subsequently refused to issue a certificate of appealability to Mr. Morrison. Mr. Morrison now appeals

both the district court's decision to dismiss his petition and to strike his addendum.

Mr. Morrison cited 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255 as the basis of his petition. It is well-established that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). On the other hand, "[a] 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." Id. (citation omitted).

Each of the errors that Mr. Morrison alleges in his petition occurred prior to or during sentencing. Even his claim that he has served more than the maximum time allowed by law does not assail the "execution" of his sentence. Rather, this claim is ultimately predicated on his contention that the trial court erred when it imposed a sentence that exceeded the statutory maximum. And "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997). Thus, while Mr. Morrison has styled his petition as arising under § 2241, all of the errors he alleges are properly within the province of a § 2255 petition.

While it is true that "a § 2241 petition attacking matters within the province of a § 2255 petition should be construed as a § 2255 petition," id., we

4

lack the jurisdiction to review a § 2255 petition attacking a sentence imposed by a New York federal court, see Bradshaw , 86 F.3d at 166. Accordingly, we hereby affirm the district court's decision denying him a certificate of appealability in case number 97-6351. And because we have determined that the district court lacked jurisdiction to consider Mr. Morrison's habeas corpus petition, we dismiss his appeal in case number 97-6416 as moot. Finally, our decision moots the motion to expedite that Mr. Morrison filed in 97-6351 as well as his motion for reconsideration of the clerk's denial of his motion to expedite in 97-6416.

Entered for the Court,


Robert H. Henry
Circuit Judge

5