**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID P. SCHNEIDER,

      Petitioner-Appellant,

v.

HERBERT R. TILLERY, Colonel,

      Respondent-Appellee.

No. 98-3140
(D.C. No. 94-3478-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**   *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner David P. Schneider, a military prisoner appearing pro se, appeals from the denial of his petition for habeas corpus relief filed under 28 U.S.C. § 2241. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Petitioner was convicted by a general court-martial of premeditated attempted murder and conduct unbecoming an officer, namely, perjury and adultery. The district court denied petitioner relief under § 2241. On appeal, petitioner argues that: (1) the general court-martial lacked jurisdiction; (2) the evidence was insufficient to support his conviction for adultery; (3) his conviction for perjury was barred by collateral estoppel; (4) his sentence violates the Tenth Amendment to the U.S. Constitution to the extent it authorized the forfeiture of his salary to his ex-wife in an amount that exceeds the terms of his civilian divorce decree; and (5) his transfer to a federal prison resulted in an ex post facto violation, because he receives semi-annual parole hearings rather than the annual reviews he received while housed in a military facility.

We review de novo the district court's denial of petitioner's habeas petition. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). We have carefully reviewed the district court's decision, petitioner's brief, and the record on appeal. The district court did not discuss petitioner's ex post facto argument. We reject this argument for the same reasons we explained in Hirsch v. Secretary of the Army, No. 98-1468, 1999 WL 110549, at *1-*2 (10th Cir. Mar. 2, 1999)

(order and judgment).  In all other respects, we find no error or omission in the district court's March 26, 1998 decision, and we affirm for substantially the same reasons set forth in that order.

AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge