**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 20 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ALLEN J. BROOKS,

     Defendant-Appellant.

No. 99-3018
(D.C. No. 93-CR-10103-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Allen J. Brooks is incarcerated at the Federal Corrections Institute at Seagoville, Texas. He challenges the Bureau of Prisons' ("BOP's") determination that he is ineligible to attend and receive the benefits of participating in the BOP's 500-hour Drug Abuse Program. We conclude that the district court lacked jurisdiction to hear Brooks' claim, and therefore vacate and remand to the district court with instructions to dismiss his case without prejudice.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

In November 1993, Brooks was charged in the District of Kansas in a five-count indictment alleging various drug and firearms offenses. In October 1995, pursuant to a plea agreement, Brooks pled guilty to one count of carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). This conviction was later vacated in September 1996 under United States v. Bailey, 516 U.S. 137 (1995), and Brooks' case was remanded for further proceedings. Brooks again entered into plea negotiations, and in November 1997, he pled guilty to one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841. At Brooks' resentencing, the late Judge Frank G. Theis adopted the factual findings and guideline application in the presentence report ("PSR"), which apparently contained a recommendation for a two-level firearms enhancement under U.S.S.G. § 2D1.1(b)(1).[1] Judge Theis acknowledged that "[t]he total offense level in this case is 38, [and] the criminal history category was . . . I," resulting in a guideline range of 235 to 293 months' imprisonment. (Sent. Tr. 7.) However, Judge Theis granted the government's motion for reduction of sentence under U.S.S.G. § 5K1.1, and downwardly departed to sentence Brooks to 72 months' imprisonment. Brooks entered the custody of the

---

[1]The actual PSR is not in the record before us; however, the parties agree that the PSR recommended the two-level enhancement.

Bureau of Prisons, and as noted above, is presently incarcerated at a federal facility in Seagoville, Texas.

On July 29, 1998, Brooks filed a "Motion for Clarification of Sentence" in the District of Kansas. In this motion, Brooks stated that he had enrolled in a voluntary 500-hour drug abuse program, but that the BOP staff in Seagoville informed him that he was ineligible to participate in the program due to the two-point firearms enhancement Brooks received at his resentencing. Brooks requested the district court to clarify its sentencing order to reflect that no such enhancement was assessed against him. We presume that Brooks sought this clarification in order to be eligible for a possible early release.[2]

On August 19, 1998, the district court filed an order reflecting that Brooks' § 924(c) conviction had been vacated. On September 11, 1998, Brooks requested an addendum to the district court's order, noting that the BOP was unpersuaded that he had not received the firearms enhancement, and asking that the district court specifically state that the firearms enhancement had not been applied to his

---

[2]Under 18 U.S.C. § 3621(e)(2)(B), "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

Because we conclude below that the district court lacked subject matter jurisdiction to hear this case, we offer no opinion as to whether a firearms enhancement added at sentencing to a drug conviction under 21 U.S.C. § 841 renders a prisoner categorically ineligible for early release under 18 U.S.C. § 3621(e)(2)(B).

sentence. In response, the district court consulted the probation officer who handled the case. The probation officer submitted a written report to the district court stating that the sentencing court (Judge Theis) had adopted the factual findings and guideline application of the PSR, and that the guideline application had included a two-level firearm enhancement. As a result, the district court denied Brooks' motion, and subsequently denied Brooks' motion for reconsideration. This appeal followed.

## DISCUSSION

The government, relying on the language of 18 U.S.C. § 3742(a), contends that we lack jurisdiction because a sentence within the sentencing guidelines may not be appealed unless it was imposed in violation of the law or as a result of an

incorrect application of the guidelines.[3]  We agree that there is no jurisdiction, but for a different reason.

Brooks, proceeding pro se, did not cite any statutory authority establishing the basis for his "Motion for Clarification of Sentence."  We liberally construe his pro se motion as an application for a writ of habeas corpus under 28 U.S.C. § 2241, attacking the execution of his sentence.  See, e.g., Guido v. Booker, 37 F. Supp.2d 1289 (D. Kan. 1999) (challenge to BOP's denial of early release because of firearms enhancement on drug conviction brought as § 2241 petition).

However, because a petition under § 2241 attacks the execution of a sentence rather than its validity, it must be brought in the district where the petitioner is incarcerated, not in the district where the defendant was sentenced.

---

[3]18 U.S.C. § 3742(a) provides:
(a)A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence –
> (1) was imposed in violation of the law;
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir.1996).  Brooks therefore should have filed his § 2241 petition in the appropriate district court in Texas. Because the district court in the District of Kansas did not have jurisdiction to hear Brooks' claim, we VACATE the district court's orders and REMAND to the district court with instructions to dismiss Brooks' petition without prejudice.

      The mandate shall issue forthwith.

                            ENTERED FOR THE COURT


                            David M. Ebel
                            Circuit Judge