**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

USMAN SHEHU SULE,

      Petitioner - Appellant,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

      Respondent - Appellee.

No. 98-1090
(D.C. No. 98-D-402)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, and **LUCERO**, Circuit Judges and **COOK**[**], Senior District Judge.

      Usman Shehu Sule, pro se, appeals the district court's dismissal of his habeas petition for lack of jurisdiction. We exercise jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and dismiss the petition as moot.

**I**

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable H. Dale Cook, Senior District Judge of the Northern District of Oklahoma, sitting by designation.

Following his conviction for an aggravated felony, Sule was ordered deported from the United States, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). On February 23, 1998, while in the custody of the Immigration and Naturalization Service ("INS"), Sule filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his order of deportation and detention violated the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution. The district court dismissed the petition for lack of jurisdiction based on 8 U.S.C. § 1252(g), and Sule appealed, contending that the district court erred in finding it lacked jurisdiction and in failing to address the merits of his claims. While his appeal was pending, the INS deported Sule to Nigeria. We ordered the agency to advise this court as to the effect the deportation has on Sule's appeal. The INS argues that Sule's release from detention and deportation effectively render his petition moot. Moreover, the INS contends, 8 U.S.C. § 1252(g) eliminates our jurisdiction to hear Sule's appeal.

**II**

We review de novo the district court's dismissal of a habeas petition. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The INS argues that the district court correctly concluded that 8 U.S.C. § 1252(g) precludes our review of Sule's deportation order. This argument, however, is foreclosed by our recent decision in Jurado-Gutierrez v. Greene, No. 97-1437, slip op. at 16-17 (10th Cir.

-2-

August 19, 1999) (concluding that 8 U.S.C. § 1252(g) does not apply to review of a final deportation order).

Although 8 U.S.C. § 1252(g) does not eliminate our jurisdiction to hear Sule's petition, there remains the issue of whether his release from custody and deportation render his appeal moot. 28 U.S.C. § 2241(c)(1) provides, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless [he] is in custody." A habeas petition, however, is not moot merely because the "'in custody' requirement" of the habeas statute is no longer satisfied. Spencer v. Kemna, 118 S. Ct. 978, 983 (1998). The relevant inquiry is whether the petitioner can demonstrate "collateral consequences adequate to meet Article III's injury-in-fact requirement." Id. at 986.

Sule challenges the legality of his detention by the INS; he does not challenge the legality of his underlying criminal conviction. Thus, any injury Sule suffered resulted from the mere fact of his detention, and the function of the writ of habeas corpus in this case would be to secure his release from illegal custody. Because Sule has been released from custody, however, "a favorable judicial decision" is unlikely to redress any "actual injury traceable" to his detention. Spencer, 118 S. Ct. at 983 (citation omitted). We conclude that Sule's release has mooted his challenge to the legality of his detention.

Sule also claims that the deportation order issued against him was unconstitutional. The INS argues that this claim is rendered moot by Sule's deportation. Although we strongly suspect that deportation may, as a matter of law, always entail collateral consequences, we need not, and do not, resolve that issue in this case. Sule has failed to advance any argument regarding collateral consequences, and even though he appears pro se, we cannot make his argument for him. See Glover River Org. v. Dep't of Interior, 675 F.2d 251, 254 & n.3 (10th Cir. 1982) (stating that party who alleges concrete injury sufficient to satisfy case and controversy requirement of Article III must prove it). We thus dismiss Sule's challenge to the legality of his deportation order as moot.

**DISMISSED.**

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

-4-