**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 14 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LESESTER MCDAUGHTERY,

      Petitioner,

v.

J.W. BOOKER, JR., Warden, USP
Leavenworth,

      Respondent.

No. 02-3416
(D.C. No. 99-CV-3402)
(D. of Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE** and **LUCERO**, Circuit Judges.

---

Lesester D. McDaughtery, a federal prisoner appearing pro se, brought this

28 U.S.C. § 2241 habeas petition challenging his federal sentence. Concluding

that McDaughtery failed to demonstrate that § 2255 relief was unavailable or

inadequate, the district court dismissed his § 2241 petition. Exercising

jurisdiction under 28 U.S.C. §§ 1291 and 2253, we affirm.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

McDaughtery was convicted of drug-related offenses in the United States District Court for the Central District of California and sentenced to a 289-month term of imprisonment. The presentence report classified him as a career-offender based on a previous state conviction, and accordingly identified the guideline sentencing range as between 262 and 327 months. Without the career offender designation, McDaughtery's guideline range would be between 120 to 150 months. He first filed a § 2241 petition in the United States District Court for the Central District of California, which was rejected because § 2241 petitions must be filed in the district in which the defendant is confined, and McDaughtery is not confined in California. He then filed his § 2241 petition in the United States District Court for the District of Kansas, arguing that the state conviction on which his federal sentence relied was invalid because he was denied the opportunity to introduce prior inconsistent statements by the victim at trial. The Kansas district court dismissed the petition, concluding that § 2241 is not the appropriate vehicle to collaterally attack a state court conviction used to enhance McDaughtery's federal sentence.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . . It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). "The exclusive remedy for testing the validity of a judgment and sentence,

unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Id. (internal quotation omitted). In Bradshaw, the defendant brought a § 2241 petition, arguing that the federal district court that sentenced him used an unconstitutional state conviction to enhance his federal sentence. Id. at 165. This court denied relief, holding that Bradshaw's petition amounted to an attack on the validity of his sentence, not the execution of his sentence. Id. at 166–67. We rejected Bradshaw's argument that the district court's denial of his § 2255 petition demonstrated that § 2255 provided an inadequate remedy. Like the defendant in Bradshaw, McDaughtery claims that the federal district court used an invalid state conviction to enhance his federal sentence. Also, as was the case in Bradshaw, the defendant in the instant case fails to demonstrate that § 2255 provides an inadequate remedy. For substantially the same reasons stated by the district court, we conclude that a § 2241 petition is not the appropriate vehicle for this challenge and thus must be dismissed.

The judgment of the district court is **AFFIRMED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge


- 3 -