**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ERNEST C'BEARING,

    Defendant-Appellant.

No. 04-8098

(D. of Wyo.)

(D.C. Nos. 04-CV-180-D &
02-CR-162-D)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]

---

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. [**]

---

Ernest C'Bearing was convicted in the District of Wyoming for involuntary manslaughter. His sentence was supposed to include enrollment in a 500-hour drug treatment program. Upon his incarceration in Colorado, though, the Bureau of Prisons (BOP) failed to enroll C'Bearing in the program on the ground that C'Bearing could not conclude the program during his 18-month term of

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

confinement. C'Bearing moved the District of Wyoming to correct this failure in a 28 U.S.C. § 2255 petition. After the district court denied his request, C'Bearing sought a certificate of appealability (COA), which the district court never granted. C'Bearing now seeks a COA from this court to appeal the district court's denial of his § 2255 petition.

We deny a COA and find C'Bearing has not made a "substantial showing of the denial of a constitutional right" on three grounds. 28 U.S.C. § 2253(c)(2). First, the district court in Wyoming lacked jurisdiction to hear C'Bearing's petition seeking enrollment in the drug treatment program in Colorado. His petition only challenged the means by which his sentence was being executed, rather than the legality of his sentence. As such, the petition had to be brought in the district in which C'Bearing was confined, which in this case is the District of Colorado. *See* 28 U.S.C. § 2241; *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. . . . A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence.") (citations omitted). Because C'Bearing brought the petition in the District of Wyoming instead of the District of Colorado, the Wyoming district court lacked jurisdiction to hear the petition.

Second, the issues raised by C'Bearing in his opening brief are currently pending before the District of Wyoming in a successive § 2255 petition. While this appeal was pending, C'Bearing claimed he found new evidence that demonstrates his innocence. In light of this new evidence, C'Bearing moved this court to allow him to file a second § 2255 petition. *See C'Bearing v. United States*, No. 05-8002 (10th Cir. 2005). Because we granted the motion for a successive § 2255 petition, *see id.*, C'Bearing's allegations are currently, and more appropriately, in front of the District of Wyoming. What is more, because the issues regarding the new evidence were presented for the first time on appeal, we refuse to consider them here. *See United States v. Mora*, 293 F.3d 1213, 1218 (10th Cir. 2002) ("We generally do not consider issues raised for the first time on appeal.").

Finally, C'Bearing abandoned all of the claims he raised in this case before the district court by failing to argue them in his opening brief. Indeed, C'Bearing's opening brief only discusses claims surrounding the newly discovered evidence and completely fails to present any argument regarding the failure of the BOP to enroll him in the drug treatment program. As a result, C'Bearing has waived all issues regarding the drug treatment program. *See United States v. Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004).

In conclusion, C'Bearing's opening brief presents no justiciable claims because all of the claims were either waived or presented for the first time on appeal. Moreover, the district court lacked jurisdiction to hear C'Bearing's claims regarding the drug treatment program in the first place. Therefore, C'Bearing has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

We DENY C'Bearing's application for a COA, his motion for IFP status, and DISMISS the appeal.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge