**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ARTHUR D'AMARIO, III,

   Petitioner-Appellant,

v.

BLAKE R. DAVIS, Warden,

   Respondent-Appellee.

No. 08-1016
(D.C. No. 1:07-CV-2425-ZLW)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Arthur D'Amario appeals the order and separate judgment entered by the United States District Court for the District of Colorado denying his application under 28 U.S.C. § 2241 for writ of habeas corpus. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner D'Amario was convicted in the United States District Court for the District of New Jersey of threatening to kill a federal judge. He was sentenced to 84 months' imprisonment. *See United States v. D'Amario*, No. 06-CR-112-PSD (D. N.J. Mar. 26, 2007). His criminal appeal is proceeding before the United States Court of Appeals for the Third Circuit. *See United States v. D'Amario, appeal docketed,* No. 07-1955 (3rd Cir. Apr. 3, 2007).

Shortly after filing his criminal appeal, Petitioner filed a 28 U.S.C. § 2255 motion in the district court for the District of New Jersey raising claims based on ineffective assistance of counsel. In a May 30, 2007 Order, the district court denied the § 2255 motion, as premature, because of Petitioner's criminal appeal before the Third Circuit. Subsequently, the Third Circuit granted Petitioner's motion to voluntarily dismiss his civil appeal from the denial of his § 2255 motion. *See D'Amario v. United States*, No. 08-1606 (3rd Cir. May 30, 2007) (unpublished order).

In November 2007, while incarcerated at the Federal Correctional Institution in Englewood, Colorado, Arthur D'Amario filed a § 2241 application in the District of Colorado raising claims based on prosecutorial misconduct and insufficient evidence. The District of Colorado denied the application, concluding that the appropriate remedy was under § 2255 in the District of New Jersey where Petitioner was convicted and sentenced, and not under § 2241 in the District of Colorado. This appeal followed.

2

We review *de novo* the district court's denial of a § 2241 application. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Upon review of the record and appellate brief, we conclude the district court was correct in denying the § 2241 application. A motion under § 2255 in the District of New Jersey is the exclusive remedy for Petitioner to challenge his 2007 conviction and sentence *after* the Third Circuit renders a decision in his criminal appeal. The fact that a § 2255 motion in the District of New Jersey at this time is premature does not establish that relief under § 2255 is inadequate or ineffective.

The district court's January 4, 2008 Order and separate judgment are **AFFIRMED**. The motion for leave to proceed *in forma pauperis* is **DENIED**. The mandate shall issue forthwith.

Entered for the Court,


PER CURIAM

3