**UNITED STATES COURT OF APPEALS**

**July 23, 2013**

**TENTH CIRCUIT**

JEROME T. SCAIFE,

      Petitioner - Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS, PRISONER
REVIEW BOARD,

      Respondents - Appellees.

No. 13-3125

(D. Kansas)

(D.C. No. 5:13-CV-03059-RDR)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

      [*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Petitioner and applicant, Jerome T. Scaife, a Kansas state parolee proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the dismissal of his 28 U.S.C. § 2241 petition. That petition sought to have his parole terminated. Finding that Mr. Scaife does not meet the requirements for the issuance of a COA, we deny him a COA and dismiss this appeal.

As summarized recently by the Kansas Court of Appeals:

> On November 3, 1989, Scaife was sentenced to 10 to 40 years' imprisonment for aggravated robbery. At a hearing on October 28, 1994, the district court found him "ineligible for Retroactive Application of Sentencing Guidelines." Scaife was granted parole twice but ended up back in prison by violating his parole conditions. Since being released on parole for a third time, he has earned a professional cooking certificate, bought a home, and filed several requests for early discharge.

Scaife v. Kansas Dept. of Corr., 286 P.3d 1160 (Kan. Ct. App. 2012).

Mr. Scaife filed the instant 28 U.S.C. § 2241 petition, apparently seeking to have his parole terminated. The district court dismissed the petition, finding that the state of Kansas's highest court had rejected the issues presented in reliance on an independent and adequate state procedural ground. The district court did not grant Mr. Scaife a COA but it granted him the right to proceed *in forma pauperis* on appeal. This request for a COA followed.

"A petition under . . . 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is

confined." Licon v. Ledezma, 638 F.3d 1303, 1311 (10th Cir. 2011) (quoting

Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). Thus, a court may grant

habeas corpus relief where an applicant is "in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Mr. Scaife must obtain a COA in order to appeal the district court's denial

of his habeas petition. 28 U.S.C. § 2253. A COA may be issued only upon a

"substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). When the district court denies a habeas petition on procedural

grounds and does not reach the prisoner's underlying constitutional claims, a

COA may issue only when "the prisoner shows, at least, that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S.

473, 484 (2000).

The district court described Mr. Scaife's state proceedings as follows:

The materials attached to the [§ 2241] petition show petitioner
pursued relief in the state courts pursuant to K.S.A. 60-1501. The
state district court conducted a hearing and determined that petitioner
was advised in 1993 that he was not eligible to have his sentence
converted under the Kansas Sentencing Guidelines, that a hearing
held in 1994 reached the same conclusion, and that the petition under
60-1501 was not timely, because the statute requires that an action be
commenced within 30 days from the date the challenged action
becomes final. The Kansas Court of Appeals affirmed the dismissal
of the petition, finding that petitioner failed to contact the Sentence
Computation Unit before he commenced the action under 60-1501,

-3-

and that he had failed to file the petition for over 17 years after the district court found him ineligible for sentence conversion. The Kansas Supreme Court denied review in March 2013.

Order at 1-2, R. Vol. 1 at 74-75. Having found that Mr. Scaife's claims were determined to be procedurally barred by the Kansas state courts, the district court then found "no ground to excuse the petitioner's procedural default." Id. at 75.

While Mr. Scaife's pleadings are not easily understood or clearly articulated, we nonetheless can determine that the district court's decision is amply supported by the law and the record. Its propriety could not be the subject of debate among reasonable jurists.

For the foregoing reasons, we DENY a COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge