**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSEPH MICHAEL MOONEY,

     Petitioner-Appellant,

v.

DEBRA DUNHAM, Warden,
Englewood FCI,

     Respondent-Appellee.

No. 16-1302
(D.C. No. 1:16-CV-01100-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Mr. Joseph Michael Mooney is a federal prisoner who seeks habeas

relief under 28 U.S.C. § 2241. The district court dismissed Mr. Mooney's

claim, concluding that Mr. Mooney could not invoke § 2241 because he

had an adequate and effective remedy under 28 U.S.C. § 2255. Mr. Mooney

appeals, and we affirm.

_____

[*]    Oral argument would not be helpful in this appeal. As a result, we
are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Under § 2255(e), a federal prisoner can challenge the validity of a sentence under § 2241 only if § 2255 is "inadequate or ineffective to test the legality of his detention." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013) (citations omitted). Use of § 2241 is impermissible if the "petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).

Mr. Mooney cannot use § 2241 because he had an adequate and effective remedy in § 2255. When Mr. Mooney invoked § 2255, he was unsuccessful, but his failure to obtain relief under § 2255 does not mean that the remedy is inadequate or ineffective. *See Bradshaw v. Story* 86 F.3d 164, 166 (10th Cir. 1996).

Mr. Mooney argues that *Prost v. Anderson* was incorrectly decided and leads to constitutional violations.[1] We reject this argument.

In *Prost*, we held that petitioners cannot invoke § 2241 if they could have tested their claims in an initial motion filed under § 2255. *Prost*, 636 F.3d at 584. Mr. Mooney argues that *Prost* was incorrectly decided and that this opinion leads to violations of the U.S. Constitution. But even if we disagreed with *Prost*, we would be bound to follow that opinion because

---

[1] Mr. Mooney also presses the merits of his underlying claims. But we do not reach the merits.

one panel cannot overrule another panel. *United States v. Killion*, 7 F.3d 927, 930 (10th Cir. 1993).

According to Mr. Mooney, the remedy under § 2255 is deficient because "it fails to allow for a 'meaningful opportunity' to raise a claim of factual innocence." Appellant's Br. at 15. But Mr. Mooney had the opportunity to urge actual innocence when he sought relief under § 2255. The Constitution does not entitle him to a second opportunity to convince the court of his actual innocence. *Hale v. Fox*, 829 F.3d 1162, 1171-72 (10th Cir. 2016), *petition for cert. filed* (U.S. Oct. 21, 2016) (No. 16-6511).

Mr. Mooney argues that denying a second chance at proving actual innocence would violate the Suspension Clause and the constitutional right to due process. But we recently rejected virtually identical arguments in *Hale v. Fox*. *Id.* at 1175-76.

\* \* \*

We cannot grant relief under § 2241 because the § 2255 motion provided a remedy that was adequate and effective. Thus, we affirm the dismissal of the § 2241 habeas petition.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3