**F I L E D**

**UNITED STATES COURT OF APPEALS**

**AUG 5 2004**

**TENTH CIRCUIT**

GERALD CARROLL,

       Petitioner-Appellant,

v.

T. C. PETERSON, Warden,

       Respondent-Appellee.

No. 03-6356
(D.C. No. 03-CV-825-HE)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Gerald Carroll filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241 in Oklahoma federal district court. The district court denied relief,

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and he appeals. We affirm.[1]

Tulsa police arrested Mr. Carroll in November 1989 on a charge of second degree burglary. He went to trial on this charge and received a state sentence of thirty-five years imprisonment in 1990. The following year, federal authorities charged Mr. Carroll with conspiracy to commit armed robbery, armed bank robbery, and possession of a firearm in the commission of a crime of violence. After trial and conviction, Mr. Carroll received a combined federal sentence of 180 months. The sentencing court was silent as to whether his federal sentence was to run concurrently or consecutively to his state sentence. In October 2000, the state of Oklahoma paroled Mr. Carroll and transferred him to federal custody. At this time, Mr. Carroll discovered the Bureau of Prisons (BOP) had not designated the state prison as his place of confinement for his federal sentence, and therefore he would serve his state and federal sentences consecutively. This discovery led Mr. Carroll to file the instant petition.

First, Mr. Carroll contends the federal sentencing court should have provided for concurrent federal and state sentences pursuant to U.S.S.G. § 5G1.3(c). Despite Mr. Carroll's best efforts to construe this claim as one within

---

[1]"We note that a Certificate of Appealability under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), is not required to appeal a final order in a proceeding under 28 U.S.C. § 2241." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997) (citation omitted).

the reach of a § 2241 petition, this court has previously determined that alleged errors in sentencing must be brought pursuant to 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166-67 (10th Cir. 1996). Thus, Mr. Carroll's petition challenging the validity of his sentence, rather than its execution, must be brought under § 2255, *id.* The district court properly dismissed this claim for lack of jurisdiction.

Next, Mr. Carroll challenges the BOP's refusal to issue a *nunc pro tunc* order designating the state prison as his place of confinement for his federal sentence, thereby allowing his state and federal sentences to run concurrently. The BOP, in the person of the United States Attorney General, "has the exclusive authority to determine when a federal sentence shall begin and where the federal sentence shall be served." *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002). "There is a presumption that a federal sentence imposed after a prior state sentence will be served consecutively to the state sentence." *Id.* (citing 18 U.S.C. § 3584(a)). Because the sentencing judge in Mr. Carroll's federal trial was silent as to whether his state and federal sentences would run concurrently, the BOP was clearly within its discretion in denying Mr. Carroll's requested order.

We **GRANT** Mr. Carroll's request to proceed *in forma pauperis* and

**AFFIRM** the district court's dismissal his petition.[2]

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge

---

[2]We decline to consider Mr. Carroll's newly asserted claim of ineffective assistance of counsel at sentencing. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) ("[W]e find no reason to deviate from the general rule that we do not address arguments presented for the first time on appeal.").