**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MILTON VERAN WILLIAMS,

     Petitioner – Appellant,

v.

MARTY SIRMAN,

     Respondent – Appellee.

No. 05-6355
(D.C. No. CIV-05-984-C)
(W.D. Okla.)

**ORDER**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

     Milton Williams, a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. For substantially the same reasons set forth by the district court, we **DENY** a COA and **DISMISS**.

     Williams is currently serving a sentence for distribution of a controlled substance. Because he had previously been convicted of possession of stolen property, his sentence was enhanced and he received thirty years' imprisonment. Williams challenged both convictions under 28 U.S.C. § 2254; each was rejected.

     Williams then filed this action challenging the enhancement of his sentence on a form normally used for filing § 2254 petitions; he apparently modified that

form to read "Petition under § 2241." Observing that the requested relief is not available under § 2241, a magistrate judge recommended that the petition be transferred to this court for consideration as a request for leave to file a successive habeas petition. Williams objected to the magistrate's recommendation, and insisted that his petition be treated as having been submitted under § 2241. The petition was so considered, and the district court dismissed the action as seeking relief not available under that statutory provision. Williams now seeks a COA from this court to appeal that decision.[1]

In his brief, Williams asserts that after having had an opportunity to review the relevant law, he ultimately agreed with the magistrate's recommendation that his petition be construed as filed under § 2254 rather than § 2241. The district court, however, refused to accept his requested "amendment." Regardless of

---

[1] Williams' petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320, 138 L. Ed. 2d 481, 117 S. Ct. 2059 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2241 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Williams to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

whether we construe this petition under § 2254 or § 2241, it fails.  Assuming that the petition was brought under § 2254, it must be considered a successive habeas petition.  In that case, Williams must request an order from this court authorizing the district court to consider his successive habeas petition.  See 28 U.S.C. § 2244(b)(3)(A) (providing that before a second or successive habeas petition is filed in district court, the petitioner must apply to the court of appeals for an order authorizing the district court to consider the petition).

To file a successive habeas petition, Williams must make a prima facie showing that satisfies the requirements of § 2244(b).  That section requires that:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Even if we construe his application liberally as falling under § 2244(b)(2) – § 2244(b)(1) would require automatic dismissal – Williams does not meet its

requirements. He claims no reliance upon any new rule of constitutional law, does not identify any factual predicate for the claim that could not have been discovered previously, and fails to demonstrate that no reasonable fact finder would have found him guilty of the challenged offenses. Accordingly, his request for authorization to file a successive habeas petition is denied.

If we construe Williams' petition as an appeal from a denial of § 2241 relief, the result is the same. Petitions under § 2241 are used to attack the execution of a sentence; § 2241 is not a vehicle for challenging the validity of a conviction. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (Section 2241 "is not an additional, alternative, or supplemental remedy" to 28 U.S.C. §§ 2254 or 2255). Where the alleged errors occurred at or prior to sentencing, the appropriate remedy is § 2254 and not § 2241. Id. Because Williams does not attack the execution of his sentence, but rather the validity of his sentence as enhanced by a prior felony conviction, § 2241 is an inappropriate avenue of relief.

Williams' application for a COA is **DENIED**. Williams' request for authorization to file a successive habeas petition is **DENIED**. Williams' motion to proceed in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT

Carlos F. Lucero

- 4 -

Circuit Judge