**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 03-4555**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALLAH BURMAN,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Benson Everett Legg, Chief District Judge.
(CR-01-115-L)

—————————

Submitted:  September 21, 2005        Decided:  October 17, 2005

—————————

Before WILLIAMS, GREGORY, and DUNCAN, Circuit Judges.

—————————

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

—————————

Francis A. Pommett, III, LAW OFFICE OF NATHANSON & POMMETT, P.C.,
Baltimore, Maryland, for Appellant.  Allen F. Loucks, United States
Attorney, Christopher J. Romano, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Allah Burman appeals his jury convictions and resulting sentence for possessing cocaine with intent to distribute it in violation of 18 U.S.C.A. § 841(a)(1) and conspiring to distribute cocaine in violation of 18 U.S.C.A. § 846. We affirm Burman's convictions, but vacate his sentence and remand for resentencing. We deny Burman's pro se motions to relieve counsel and to proceed pro se and his motions to stay this appeal.

Burman raises a litany of challenges to his conviction, only one of which merits discussion. Burman first urges us to hold that the district court violated his equal protection rights when it failed to provide him with a free transcript of his co-defendants' trial. See Britt v. North Carolina, 404 U.S. 226, 227 (1961)(holding that the Government "must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal"). The record shows, however, that the district court denied Burman's request for the transcript not because Burman was indigent, but rather to avoid delaying Burman's trial for several months while the transcript was prepared. (J.A. at 118 ("Had the transcript already been prepared and available, I certainly would have provided a copy to Mr. Burman, so this is really an issue as to whether there should be a postponement . . . .")). Thus, the transcript would have been unavailable to a defendant with the

means to pay for it himself, and Burman's equal protection rights are not implicated.  See id. at 227 ("[Courts] must . . . provide indigent prisoners with the basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners") (emphasis added).  We have considered the remainder of Burman's challenges to his conviction and find them meritless.

Finally, Burman claims that the district court violated his Sixth Amendment rights when determining his sentence.  A district court violates the Sixth Amendment when, acting pursuant to the mandatory Sentencing Reform Act and the Guidelines, it imposes a sentence greater than the maximum authorized by the facts found by the jury or admitted by the defendant in a guilty plea.  United States v. Booker, 125 S. Ct. 738 (2005).  Because Burman was sentenced in excess of the maximum authorized by the jury's verdict, his sentence is plainly erroneous, and a remand for resentencing is warranted.  United States v. Hughes, 401 F.3d 540, 547-56 (4th Cir. 2005).[*]

Accordingly, we affirm Burman's conviction, vacate his sentence, and remand for resentencing in accordance with Booker and Hughes.  We dispense with oral argument because the facts and legal

---

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4,"[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Burman's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is plain if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

contentions of the parties are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>