**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALLAH BURMAN,

          Petitioner - Appellant,

v.

JOSEPH SCIBANA, Warden,

          Respondent - Appellee.

No. 07-6260

(W.D. Oklahoma)

(D.C. No. CV-07-762-F)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The court therefore orders the case submitted without oral argument.

Allah Burman, proceeding *pro se*, appeals the district court's denial of the

habeas corpus petition he filed on July 9, 2007, pursuant to 28 U.S.C. § 2241.

Exercising jurisdiction under 28 U.S.C. § 1291, we **reverse** the district court's

_____

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

dismissal of Burman's petition without prejudice and **remand** to the district court with instruction to dismiss the petition with prejudice.

Burman was convicted of possessing cocaine with intent to distribute it, in violation of 18 U.S.C. § 841(a)(1), and conspiracy to distribute cocaine, in violation of 18 U.S.C. § 846. *United States v. Burman*, 151 F. App'x 260, 261 (4th Cir. 2005). The Fourth Circuit Court of Appeals affirmed his convictions but ordered the district court to resentence him in conformity with *United States v. Booker*, 543 U.S. 220 (2005). *Id*. at 262. He was resentenced on May 17, 2006, by the United States District Court for the District of Maryland. He is currently incarcerated at the Federal Correctional Institute in El Reno, Oklahoma.

On June 22, 2005, Burman filed a self-styled "Motion to Vacate Void Judgment Pursuant to Rule 60(b) of The Civil Judicial Procedure And Rules For Intrinsic Fraud" with the United States District Court for the Western District of Oklahoma. The court construed Burman's motion as a challenge to the validity of his federal conviction pursuant to 28 U.S.C. § 2255. The motion was dismissed without prejudice, however, because Burman failed to pay the filing fee or move to proceed *in forma pauperis*. Burman was advised that even if he had paid the filing fee, the district court for the Western District of Oklahoma does not have jurisdiction to decide his § 2255 motion because his conviction was entered by the Maryland district court.

On April 25, 2006, Burman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the Oklahoma district court. The court concluded the claims Burman sought to raise in his petition were collateral challenges to the validity of his convictions and sentence, not challenges to the execution of his sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (explaining the difference between claims properly brought in a 28 U.S.C. § 2241 habeas petition and those brought in a 28 U.S.C. § 2255 motion to vacate). The court dismissed Burman's § 2241 petition without prejudice, concluding Burman had failed to show that the remedy afforded him under 28 U.S.C. § 2255 is inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (holding 28 U.S.C. § 2255 is the exclusive remedy for challenges to the validity of a conviction or sentence unless it is inadequate or ineffective). The court once again instructed Burman that his § 2255 motion must be brought in the district court where his convictions and sentence were entered. *See Bradshaw*, 866 F.3d at 166.

On July 9, 2007, Burman filed the instant § 2241 habeas petition, again raising claims challenging the validity of his convictions and sentence. The district court dismissed the petition without prejudice, concluding the petition was a successive § 2241 and, alternatively, that Burman failed to show the remedy under § 2255 is inadequate or ineffective. Our review of the entire record confirms that the district court correctly concluded the instant § 2241 petition

-3-

seeks to raise the same claims Burman sought to raise in his April 25, 2006, petition. It is also clear that Burman has failed to show that § 2255 is inadequate or ineffective and his claims must, therefore, be raised in a § 2255 motion filed in the district that imposed the judgment and sentence.[1]

In light of the abusive and repetitive nature of Burman's habeas filings in the Western District of Oklahoma, this court **reverses** the district court's dismissal of the instant petition without prejudice and **remands** the matter to the district court with instruction to dismiss the petition with prejudice. *See McCleskey v. Zant*, 499 U.S. 467 (1991) (discussing abuse-of-the-writ principles). On remand, the district court should consider whether to impose filing restrictions or other sanctions on Burman. All of Burman's outstanding motions are **denied** as moot.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[1]It appears that Burman filed a § 2255 motion with the Maryland district court on April 15, 2008.