**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EUGENE H. MATHISON,

        Petitioner - Appellant,

v.

R. WILEY, Warden,

        Respondent - Appellee.

No. 08-1075
(D.C. No. 1:08-CV-00009-ZLW)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

**PER CURIAM**.

Eugene Mathison appeals the order entered by the United States District Court for the District of Colorado denying his application under 28 U.S.C. § 2241 for writ of habeas corpus. We affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1997, Petitioner was convicted in the United States District Court for the District of South Dakota of conspiracy, mail fraud, wire fraud, and money laundering. He was sentenced to a total of 246 months followed by three years of supervised release. He also was ordered to pay over $1.3 million in restitution. On direct appeal, the United States Court of Appeals for the Eighth Circuit affirmed. *See United States v. Mathison,* 157 F.3d 541 (8th Cir. 1998), *cert. denied*, 525 U.S. 1089 (1999).

In 2000, Petitioner filed his first 28 U.S.C. § 2255 motion in the district court for the District of South Dakota, which was denied as barred by the one-year statute of limitations. On appeal, the Eight Circuit denied a certificate of appealability and dismissed. *See Mathison v. United States*, No. 01-1078 (8th Cir. June 6, 2001) (unpublished). In 2001, he filed a second § 2255 motion in the District of South Dakota, which the district court denied. On appeal, the Eighth Circuit remanded the case with directions to dismiss the second § 2255 motion, for lack of subject matter jurisdiction, as a unauthorized second or successive motion. *See Mathison v. United States*, No. 02-3926 (8th Cir. May 6, 2003) (unpublished). In 2003, he filed a third § 2255 motion, which the district court dismissed because Petitioner failed to obtain an order from the Eighth Circuit authorizing the district court to consider this third motion. On appeal, the Eighth Circuit denied a certificate of appealability and dismissed. *See Mathison v. United States*, No. 03-3202 (8th Cir. Nov. 26, 2003) (unpublished). Then, in

2006, Petitioner filed a motion for authorization to file second or successive §

2255 motions, which the Eighth Circuit denied. *See Mathison v. United States,*

No. 06-1134 (8th Cir. Mar. 23, 2006) (unpublished).

In January 2008, while incarcerated at the Federal Prison Camp in

Florence, Colorado, Eugene Mathison filed a § 2241 application in the District of

Colorado setting forth several claims challenging his conviction and sentence in

the District of South Dakota. The District of Colorado denied the § 2241

application, concluding that the appropriate remedy was under § 2255 in the

District of South Dakota where Petitioner was convicted and sentenced, and not

under § 2241 in the District of Colorado. This appeal followed.

We review *de novo* the district court's denial of Eugene Mathison's § 2241

application. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Upon review of the record and appellate brief, we conclude the district

court was correct in denying the § 2241 application. A § 2241 petition is not the

proper means to raise the claims alleged by Petitioner Mathison. A § 2255

motion in the District of South Dakota is the exclusive remedy for Petitioner to

challenge his 1997 conviction and sentence, unless it is inadequate or ineffective.

Petitioner, however, has not established the inadequacy or ineffectiveness of a §

2255 motion. The mere fact that he was denied relief under § 2255 does not

establish that this statutory remedy is inadequate or ineffective. *See Bradshaw v.

Story*, 86 F.3d 164, 166 (10th Cir. 1996). And the fact that he is precluded from

filing another § 2255 motion in the District of South Dakota does not establish that this statutory remedy is inadequate or ineffective. *See Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir. 1999). Although second or successive applications are restricted under the Antiterrorism and Effective Death Penalty Act, they are not prohibited. See 28 U.S.C. § § 2244(b)(2), 2255.

The district court's February 15, 2008 Order and Judgment and March 3, 2008 Order denying reconsideration are **AFFIRMED**. The motion for leave to proceed *in forma pauperis* is **DENIED**. All pending motions are **DENIED**. The mandate shall issue forthwith.