**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 26, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EUGENE H. MATHISON,

        Petitioner-Appellant,

v.

R. WILEY, Warden,

        Respondent-Appellee.

No. 08-1377
(D.C. No. 1:08-CV-02005-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **MURPHY,** and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Eugene Mathison appeals an order entered by the United States District Court for the District of Colorado denying his application under 28 U.S.C. § 2241 for writ of habeas corpus and dismissing the action. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1997, Petitioner Mathison was convicted in the United States District Court for the District of South Dakota of conspiracy, mail fraud, wire fraud, and money laundering. On direct appeal, the United States Court of Appeals for the Eighth Circuit affirmed. *See United States v. Mathison,* 157 F.3d 541 (8th Cir. 1998), *cert. denied*, 525 U.S. 1089 (1999). In 2000, Petitioner filed his first 28 U.S.C. § 2255 motion in the district court for the District of South Dakota, which was denied as barred by the one-year statute of limitations. On appeal, the Eight Circuit denied a certificate of appealability and dismissed. *See Mathison v. United States*, No. 01-1078 (8th Cir. June 6, 2001) (unpublished).

In January 2008, while incarcerated at the Federal Prison Camp in Florence, Colorado, Eugene Mathison filed his first § 2241 petition in the District of Colorado, setting forth claims challenging his conviction and sentence in the District of South Dakota. The District of Colorado denied the § 2241 petition, concluding that the appropriate remedy was under § 2255 in the District of South Dakota where Petitioner was convicted and sentenced, and not under § 2241 in the District of Colorado. On appeal, this court affirmed. *See Mathison v. Wiley*, 281 F. App'x 845 (10th Cir. June 7, 2008) (per curiam).

Then, in November 2008, still while incarcerated at the Federal Prison Camp in Florence, Colorado, Eugene Mathison filed a second § 2241 petition in the District of Colorado, once again challenging his conviction and sentence in the District of South Dakota. The District of Colorado denied the second § 2241

2

petition and dismissed the action. The court stated, in relevant part, that the second § 2241 petition was being denied for the same reasons that resulted in denial of the first § 2241 petition, *i.e.*, "Mr. Mathison has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the District of South Dakota." *See Mathison v. Wiley*, 2008 WL 4569864, at *2 (D. Colo. Oct. 1, 2008) (unpublished). Petitioner Mathison, proceeding *pro se*, appeals.

The court reviews *de novo* the district court's denial of Eugene Mathison's § 2241 petition. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Upon review of the record and appellate brief, the court concludes that the district court correctly denied the second § 2241 petition. It is well settled that a collateral challenge to a federal conviction or sentence generally must be raised in a motion to vacate filed in the sentencing court under § 2255, and not in a habeas petition filed in the court of incarceration under § 2241. And this court agrees with the district court that Petitioner failed to establish that the remedies available to him under § 2255 are inadequate or ineffective. *See Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir. 1999) ("Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances.").

Accordingly, the district court's October 1, 2008 Order denying Petitioner's § 2241 petition and dismissing the action is **AFFIRMED**. Petitioner's motion for

leave to proceed *in forma pauperis* is **DENIED**.  All pending motions are

**DENIED**.  The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM