**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ERIC ADAMS,

    Petitioner-Appellant,

v.

R. WILEY,

    Respondent-Appellee.

No. 08-1204
(D.C. No. 1:08-CV-538-ZLW)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **TACHA, BRISCOE,** and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Eric Adams appeals an order entered by the United States District Court for the District of Colorado denying his application under 28 U.S.C. § 2241 for writ of habeas corpus. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In 1995 Petitioner Adams was convicted by a jury in the United States District Court for the Eastern District of New York on fifteen counts of racketeering and racketeering conspiracy; robbery and robbery conspiracy affecting interstate commerce; and using and carrying firearms in connection with crimes of violence.  He was sentenced to two concurrent terms of life imprisonment plus consecutive terms totaling sixty-five years.  His convictions and sentence were affirmed on direct appeal to the United States Court of Appeals for the Second Circuit.  *See United States v. Adams*, 101 F.3d 684 (2d.Cir. May 15, 1996) (unpublished), *cert. denied*, 519 U.S. 904 (1996).

Petitioner filed a 28 U.S.C. § 2255 motion in the Eastern District of New York, which was denied.  On appeal, the Second Circuit denied a certificate of appealability and dismissed.  *See United States v. Adams*, No. 99-2216 (2nd. Cir. Aug. 1, 2000) (unpublished order).  In September 2000 he filed a motion for authorization in the Second Circuit to file a second or successive § 2255 motion.  He argued that the federal court that convicted him lacked subject matter jurisdiction because when the federal criminal proceeding was commenced against him, a parallel state criminal proceeding was pending against him arising from the same conduct, and that the pendency of the state proceeding during the early stages of the federal proceeding deprived the federal court of jurisdiction and therefore rendered the federal criminal judgment void.  The Second Circuit denied the motion for authorization.

2

In 2008, while incarcerated at the United States Penitentiary in Florence, Colorado, Petitioner Adams filed a § 2241 petition in the district court for the District of Colorado challenging his 1995 convictions based on the same jurisdictional ground raised in his 2000 motion for authorization filed in the Second Circuit. The District of Colorado denied the § 2241 petition, concluding that the appropriate remedy for Petitioner was under § 2255 in the Eastern District of New York where he was convicted and sentenced, and not under § 2241 in the District of Colorado. This appeal followed.

We review *de novo* the district court's dismissal of Eric Adams' § 2241 application. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Upon review of the record and appellate brief, we conclude that the district court was correct in denying the § 2241 petition. A § 2241 petition is not the proper means to raise the claims alleged by Petitioner Adams. A § 2255 motion in the Eastern District of New York is the exclusive remedy for Petitioner to challenge his 1995 convictions and sentence, unless it is inadequate or ineffective. Petitioner, however, has not established the inadequacy or ineffectiveness of a § 2255 motion. The mere fact that he has been denied relief under § 2255 does not establish that this statutory remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). The fact that he is precluded from filing another § 2255 motion in the Eastern District of New York does not establish that this statutory remedy is inadequate or

3

ineffective. *See Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir. 1999). And although second or successive applications are restricted under the Antiterrorism and Effective Death Penalty Act, they are not prohibited. *See* 28 U.S.C. §§ 2244(b)(2), 2255.

The district court's April 30, 2008 Order of Dismissal and separate judgment are **AFFIRMED**. Petitioner's motion for leave to proceed *in forma pauperis* is **DENIED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT

PER CURIAM