**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ERIC ADAMS,

     Petitioner - Appellant,

v.

KLINE, Warden,

     Respondent - Appellant.

No. 18-1233
(D.C. No. 1:18-CV-00847-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

In April 2018, Petitioner Eric Adams, a federal prisoner in custody of the Bureau of Prisons (BOP) in Florence, Colorado, filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of Colorado. In this application, he sought an injunction requiring BOP employees to wear gloves while serving food trays, arguing their failure to do so violated the Eighth Amendment. In response, a magistrate judge ordered Petitioner to amend his application, explaining challenges to conditions of confinement must be brought in a civil rights action, not a habeas corpus action.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In May 2018, Petitioner filed an amended application pursuant to § 2241 asserting his sentencing court, the U.S. District Court for the Eastern District of New York, lacked subject matter jurisdiction over his criminal case. The district court denied this amended application because it was clear Petitioner was challenging his conviction and sentence, not the execution of his sentence. Such a challenge could only be brought in the sentencing court under 28 U.S.C. § 2255, unless the remedy available under § 2255 was inadequate or ineffective. Because Petitioner failed to show § 2255 was inadequate or ineffective to test the legality of his detention, the district court dismissed his amended application. The court also certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and thus any appeal could not be taken *in forma pauperis*. The district court entered judgment, and Petitioner filed a timely notice of appeal.

On appeal, Petitioner argues § 2255 is inadequate and ineffective to argue his lack of subject matter jurisdiction claim. He argues he would have to file his § 2255 motion in the Eastern District of New York, but because the Eastern District of New York would not have jurisdiction over the warden of the prison in Colorado, the warden would not be able to stand as respondent to his § 2255 motion. But "there is no respondent involved in the [§ 2255] motion (unlike habeas) and the United States Attorney, as prosecutor in the case in question, is the most appropriate one to defend the judgment and oppose the motion." Rules Governing Section 2255 Proceedings, Rule 4 advisory committee's note. Therefore, the Eastern District of New York need not have jurisdiction over the warden of the prison in Colorado. We, for the fourth

2

time, reject Petitioner's claim that a § 2255 motion is inadequate and ineffective to argue his lack of subject matter jurisdiction claim. *See Adams v. Davis*, 433 F. App'x 673 (10th Cir. 2011) (unpublished); *Adams v. Wiley*, 290 F. App'x 156 (10th Cir. 2008) (unpublished); *Adams v. Holt*, No. 01-1274 (10th Cir. Dec. 6, 2001) (unpublished). The district court's order is AFFIRMED. Petitioner's motion to proceed *in forma pauperis* is DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge