Andre J. TWITTY, Petitioner–
Appellant,

v.

Ronnie WILEY, Respondent–Appellee.

No. 08–1277.

United States Court of Appeals,
Tenth Circuit.

Oct. 29, 2008.

Andre J. Twitty, Florence, CO, pro se.

Before LUCERO, HARTZ, and
TYMKOVICH, Circuit Judges.

## ORDER

The petitioner appeals the denial of his Fed.R.Civ.P. 60(b) motion by the United States District Court for the District of Colorado. The petitioner sought reconsideration of the denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Because the petitioner has not demonstrated "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir.1999), we deny the petitioner leave to proceed on appeal without prepayment of fees.

In his § 2241 petition, the petitioner challenged a criminal judgment entered by the United States District Court for the Northern District of Georgia, following his convictions for making a bomb threat by using an instrumentality of interstate commerce (a telephone) and making a threat to kill federal law enforcement officers and their immediate families.

The district court dismissed the petition. The court concluded that the challenges to the legality of the convictions must be brought pursuant to 28 U.S.C. § 2255, and that § 2255 provides the petitioner with an adequate and effective remedy. The petitioner appealed that decision to this court. However, the appeal was dismissed for failure to prosecute.

The petitioner then filed a Rule 60(b) motion seeking reconsideration of the order denying his § 2241 petition. The district court denied the motion and denied permission to proceed on appeal *in forma pauperis,* determining that the appeal was not being taken in good faith and that the petitioner did not show the existence of a reasoned nonfrivolous argument on the law and facts in support of the issues raised on appeal. *See* 28 U.S.C. § 1915(a)(3).

Normally, " '[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A [section 2255 motion] attacks the legality of detention, and must be filed in the district that imposed the sentence.' " *Haugh v. Booker,* 210 F.3d 1147, 1149 (10th Cir.2000) (quoting *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir.1996)). "A challenge to the propriety of the federal conviction or sentence itself ... must proceed under § 2255, not § 2241." *United States v. Eccleston,* 521 F.3d 1249, 1253 (10th Cir.2008), *cert. denied,* 555 U.S. 958, 129 S.Ct. 430, 172 L.Ed.2d 311 (2008) (No. 08–6163). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw,* 86 F.3d at 166. Only if the petitioner shows that § 2255 is "inadequate or ineffective" to challenge the validity of a judgment or sentence may a prisoner petition for such a remedy under 28 U.S.C. § 2241. *Id.* "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Id.* (quotation omitted).

Because the petitioner has not established the inadequacy or ineffectiveness of 28 U.S.C. § 2255, the court did not err in denying his Rule 60(b) motion.

Permission to proceed on appeal *in forma pauperis* is **DENIED** and this appeal is **DISMISSED.**