**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICARDO CORREDOR,

                Petitioner-Appellant,

v.

ERIC HOLDER, United States
Attorney General; JANET
NAPOLITANO, United States
Secretary of Homeland Security;
UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT
FIELD OFFICE DIRECTOR FOR
ALBUQUERQUE FIELD OFFICE;
UNITED STATES FEDERAL
BUREAU OF PRISONS; LEE
VAUGHN, Warden of the Cibola
Correctional Center,

                Respondents-Appellees.

No. 12-2075
(D.C. No. 1:12-CV-00186-JCH-CG)
(D. of N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Ricardo Corredor, a native and citizen of Colombia, is a federal prisoner at the Cibola County Correctional Center (CCCC) in Milan, New Mexico. Corredor filed a petition pursuant to 28 U.S.C. § 2241 for habeas relief relating to immigration proceedings, which the district court denied. We construe Corredor's filing liberally because he is proceeding *pro se*. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## I. Background

Corredor pleaded guilty in the United States District Court for the District of Arizona to illegal reentry in violation of 8 U.S.C. § 1326 and was sentenced to 37 months' imprisonment. Corredor then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the District of New Mexico, the jurisdiction where he is serving his sentence. The central allegation in Corredor's petition is that Immigration and Customs Enforcement (ICE) will keep him in custody for removal proceedings past the time when his criminal incarceration ends. Accordingly, Corredor seeks relief from ICE's discretionary decision as to whether to expedite his removal proceedings.

The district court denied the petition, finding that an "attack on . . . a discretionary decision is outside the scope of habeas review in § 2241 petitions." R., Vol. I at 13 (citation omitted). The court further held that this ruling was with

prejudice, but clarified that the ruling was without prejudice with respect to Corredor's "rights in administrative removal proceedings or in prosecuting claims cognizable under § 2241." *Id.* Corredor appeals.

## II. Discussion

We review the district court's denial of Corredor's habeas petition de novo. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Corredor argues that his pending deportation order could be expedited as a result of (a) his consent to be immediately deported, (b) CCCC's capability to hold immigration proceedings via video conference at any time, or (c) CCCC's capability to hold live immigration proceedings at any time. Corredor believes that failure to expedite the deportation process will result in a violation of the Due Process Clause of the Fifth Amendment because he will necessarily be confined past the end of his 37-month imprisonment (which he has not yet completed).

But as the district court correctly held:

> [T]he Attorney General (and, in turn, the INS, as [his] designee) has broad discretion in deciding, administratively, whether and when to pursue deportation against an alien. The Attorney General's responsibility in this regard is akin to his responsibility for enforcing the criminal laws: in both situations, he has discretion to refrain from instituting proceedings even though grounds for their commencement may exist. An alien illegally in the United States cannot force the Attorney General's hand by the simple expedient of calling attention to his status and demanding immediate action.

-3-

R., Vol. I at 12–13 (quoting *Costa v. INS*, 233 F.3d 31, 37 (1st Cir. 2000) (internal quotations and citations omitted)).

It is important to note that the Fifth Amendment violation that Corredor has complained of has not yet occurred. At this point he does not know whether he will be one of "the many cases in which removal proceedings are completed while the alien is still serving time for the underlying conviction . . . . [in which case,] the alien[] involved [is] never subjected to mandatory detention." *Demore v. Hyung Joon Kim*, 538 U.S. 510, 529–30 (2003).

## III. Conclusion

Based on the foregoing analysis, we AFFIRM.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge