**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 25, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC ADAMS,

     Petitioner - Appellant,

v.

MATEVOUSIAN, Warden,

     Respondent - Appellee.

No. 19-1336
(D.C. No. 1:19-CV-01226-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]
_____

Petitioner-Appellant Eric Adams, a federal inmate appearing pro se, appeals from the district court's order dismissing his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. Adams v. Matevousian, No. 19-cv-01226-LTB-GPG (July 26, 2019). Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm the district court's dismissal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Adams is currently in the custody of the Federal Bureau of Prisons (BOP) at a facility in Colorado. Mr. Adams filed a § 2241 petition in the Eastern District of New York, which transferred the action to the District of Colorado. The petition contended that the BOP is engaging in cruel and unusual punishment in violation of the Eighth Amendment of the Constitution by housing him in a Colorado facility rather than one in New York or Pennsylvania, which would be more easily accessible by his family.

We review the district court's denial of a petition for habeas corpus de novo. Bradshaw v. Story, 86 F.3d 164 (10th Cir. 1996). Petitions under § 2241 challenge the execution of a sentence, not the validity of the underlying conviction. Leatherwood v. Allbaugh, 861 F.3d 1034, 1041 (10th Cir. 2017). Challenges by federal prisoners to conditions of confinement must be brought under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Palma-Salazar v. Davis, 677 F.3d 1031, 1033 (10th Cir. 2012).

Mr. Adams challenges the location of his confinement, not the fact or duration of his custody. Relief is therefore not available in a § 2241 action. See Palma-Salazar, 677 F.3d at 1034–37. The exception recognized in Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) does not apply to this case. Mr. Adams is a federal inmate challenging the BOP's choice of facilities, not a state inmate challenging his transfer to a state other than the one where he was convicted. See id.

2

The district court's order of dismissal without prejudice is AFFIRMED. We deny IFP status.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge